Slip Op. 15 - 147

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUNPOWER CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Before: Donald C. Pogue,<br>　　　Senior Judge<br><br><br>Consol. Ct. No. 15-00067 |
| SUNPOWER CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | <br><br><br>Ct. No. 15-00090 |

OPINION and ORDER

[motions to amend complaints granted; motions to amend
preliminary injunctions granted; motion to amend preliminary
injunction motion granted; motion for preliminary injunction
granted; motions to dismiss denied]

Dated: December 30, 2015

　　Daniel J. Gerkin and Jerome J. Zaucha, K&L Gates, LLP of
Washington, DC, for the Plaintiff.

---

[1] This action is consolidated with Court Nos. 15-00071, 15-00083,
15-00087, 15-00088, and 15-00089. Order, July, 1, 2015, ECF
No. 31.

    Melissa M. Devine, Trial Attorney, Commercial Litigation
Branch, Civil Division, U.S. Department of Justice, of
Washington, DC, for the Defendant. With her on the briefs were
Benjamin C. Mizer, Principal Deputy Assistant Attorney General,
Jeanne E. Davidson, Director, and Reginald T. Blades, Jr.,
Assistant Director.  Of counsel were Rebecca Cantu, Senior
Attorney, and Shelby M. Anderson, Attorney, Office of the Chief
Counsel for Trade Enforcement and Compliance, U.S. Department of
Commerce.

    Timothy C. Brightbill, Laura El-Sabaawi, and Usha
Neelakantan, Wiley Rein, LLP of Washington, DC, for Defendant-
Intervenor SolarWorld Americas, Inc.

    **Pogue, Senior Judge:**  In these cases, Plaintiff

SunPower Corp. ("SunPower") contests aspects of the final

affirmative determinations made by the U.S. Department of

Commerce ("Commerce") in its antidumping and countervailing duty

("AD" and "CVD," respectively) investigations of solar cells and

panels from the People's Republic of China.[2]  The court has

jurisdiction over these actions pursuant to Section

516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19

---

[2] Compl., Consol. Ct. No. 15-00067, ECF No. 16; Compl., Ct. No.
15-00090, ECF No. 9; see Certain Crystalline Silicon
Photovoltaic Products from the People's Republic of China, 79
Fed. Reg. 76,970 (Dep't Commerce Dec. 23, 2014) (final
determination of sales at less than fair value) ("AD Final
Determination"); Certain Crystalline Silicon Photovoltaic
Products from the People's Republic of China, 79 Fed. Reg.
76,962 (Dep't Commerce Dec. 23, 2014) (final affirmative
countervailing duty determination) ("CVD Final Determination").

Consol. Ct. No. 15-00067                                         Page 3
and Ct. No. 15-00090

U.S.C. § 1516a(a)(2)(B)(i) (2012),[3] and 28 U.S.C. § 1581(c)

(2012).

Currently before the court are ten motions, all of

which concern the standing of SunPower and that of its wholly

owned subsidiary, SunPower Corporation, Systems ("Systems") in

these matters.[4]

As explained below, both SunPower and Systems were

interested parties who participated in the underlying

administrative proceedings at issue here, and therefore each has

standing to challenge the administrative determinations in its

own right.  Accordingly, Plaintiff's motions to amend the

---

[3] Further citations to the Tariff Act of 1930, as amended, are to
the relevant provisions of Title 19 of the U.S. Code, 2012
edition.

[4] [SunPower's] Mot. for Leave to Amend, Consol. Ct. No. 15-00067,
ECF No. 34 ("Pl.'s Mot. to Amend"); [SunPower's] Mot. to Enlarge
Scope of Prelim. Inj. to Include Entries Made by [Systems] [in
Connection with Ct. No. 15-00083], Consol. Ct. No. 15-00067, ECF
No. 35; [SunPower's] Mot. to Enlarge Prelim. Inj. to Include
Entries Made by [Systems] [in Connection with Ct. No. 15-00088],
Consol. Ct. No. 15-00067, ECF No. 36; Def.'s Mot. to Dismiss
Count VI of Pl.'s Compl., Consol. Ct. No. 15-00067, ECF No. 37
("Def.'s Mot. to Dismiss Count VI"); Def.-Intervenor's Mot. to
Dismiss Count VI of Pl.'s Compl., Consol. Ct. No. 15-00067, ECF
No. 39 ("Def.-Intervenor's Mot. to Dismiss Count VI");
[SunPower's] Mot. for Prelim. Inj., Ct. No. 15-00090, ECF No.
17; [SunPower's] Mot. for Leave to File Am. Compl., Ct. No. 15-
00090, ECF No. 30 ("Pl.'s Mot. to Amend"); SunPower's Mot. to
Amend Mot. for Prelim. Inj., Ct. No. 15-00090, ECF No. 31;
Def.'s Mot. to Dismiss Pl.'s Compl., Ct. No. 15-00090, ECF Nos.
32 (conf.) & 33 (pub.); Def.-Intrvenor's Mot. to Dismiss, Ct.
No. 15-00090, ECF No. 35.

complaints[5] and extend the preliminary injunctions to cover its

wholly owned subsidiary are granted, while Defendant's and

Defendant-Intervenor's motions to dismiss are denied.

### BACKGROUND

The two cases currently under review are Consolidated

Court Number 15-00067 ("15-67"), which concerns challenges to

Commerce's antidumping duty investigation, and Court Number

15-00090 ("15-90"), which concerns challenges to the

countervailing duty investigation.

Both cases arise from petitions filed by Defendant-

Intervenor SolarWorld Americas Incorporated ("SolarWorld").[6]

SunPower participated in both investigations.[7]

---

[5] Since SunPower's amendments to its complaint relate back to its
original filing, as explained below, see infra Section IIIA,
Systems is not time-barred from entering this litigation.

[6] See Certain Crystalline Silicon Photovoltaic Products from the
People's Republic of China and Taiwan, 79 Fed. Reg. 4661, 4661
(Dep't Commerce Jan. 29, 2014) (initiation of antidumping duty
investigations); Certain Crystalline Silicon Photovoltaic
Products from the People's Republic of China, 79 Fed. Reg. 4667,
4668 (Dep't Commerce Jan. 29, 2014) (initiation of
countervailing duty investigation).

[7] In 15-67, SunPower entered an appearance in Commerce's
antidumping duty investigation, claiming interested party status
pursuant to 19 U.S.C. §§ 1677(9)(A) and (9)(C) as an importer
and United States producer of a domestic like product. See
SunPower Corp.'s Entry of Appearance & Appl. for Admin.
Protective Order, Certain Crystalline Silicon Photovoltaic
Products from China, A-570-010, Investigation (Feb. 12, 2014),
reproduced in Pl.'s Mot. to Amend, Ct. No. 15-00067, ECF No. 34
at Ex. 1 ("SunPower AD Entry of Appearance"), at 1.  Thereafter,
SunPower responded to Commerce's Quantity and Value (Q&V)
                                        (footnote continued)

Plaintiff timely filed a summons and complaint in 15-67 seeking judicial review of Commerce's antidumping duty investigation.[8] Plaintiff then moved, in what are now two of the member cases in that consolidated action, Court Numbers 15-00083 and 15-00088,[9] to preliminarily enjoin Defendant from liquidating its subject merchandise.[10]  Both motions were

---

questionnaire on behalf of "SunPower Corporation . . . and its wholly owned U.S. subsidiaries, [including] SunPower Corporation Systems." Submission of [Q&V] Questionnaire for SunPower Corp. & Wholly Owned U.S. Subsidiaries, Certain Crystalline Silicon Photovoltaic Products from China, A-570-010, Investigation (Feb. 13, 2014) reproduced in Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34 at Ex. 2 ("SunPower Q&V Questionnaire"), at 1. In 15-90, SunPower entered an appearance in the countervailing duty investigation, likewise claiming both 19 U.S.C. §§ 1677(9)(A) and (9)(C) interested party status. SunPower Corp.'s Entry of Appearance & Appl. for Admin. Protective Order, Certain Crystalline Silicon Photovoltaic Products from China, C-570-011, Investigation (Feb. 12, 2014), reproduced in Pl.'s Mot. to Amend, Ct. No. 15-00090, ECF No. 30 at Ex. 1 ("SunPower CVD Entry of Appearance"), at 1; Suppl. to Sunpower Corp.'s Entry of Appearance, Certain Crystalline Silicon Photovoltaic Products from China, C-570-011, Investigation (Mar. 31, 2014), reproduced in Pl.'s Mot. to Amend, Ct. No. 15-00090, ECF No. 30 at Ex. 2 ("Suppl. to SunPower CVD Entry of Appearance").

[8] Summons, Consol. Ct. No. 15-00067, ECF No. 1; Compl., Consol. Ct. No. 15-00067, ECF No. 16.

[9] By order dated July 1, 2015, the court consolidated 15-00083 and 15-00088 under Consolodated Court Number 15-00067, along with Court Numbers 15-00071, 15-00087, and 15-00089; Court Number 15-00090 remains unconsolidated. See Order, July 1, 2015, Consol. Ct. No. 15-00067, ECF No. 31.

[10] [SunPower's] Mot. to Enlarge Scope of Prelim. Inj. to Include Entries Made by [Systems] [in Connection with Ct. No. 15-00083], Consol. Ct. No. 15-00067, ECF No. 35; [SunPower's] Mot. to Enlarge Prelim. Inj. to Include Entries Made by [Systems] [in Connection with Ct. No. 15-00088], Consol. Ct. No. 15-00067, ECF No. 36.

granted.[11]  Plaintiff now seeks for both its complaint and its

injunction to be expanded to cover Systems.[12]  Defendant opposes

both motions, arguing that Systems does not have standing before

this court and that SunPower is not empowered to expand the

injunction on Systems' behalf.[13]

SunPower also timely filed a summons and complaint in

15-90.[14]  Here, too, SunPower moves to amend their complaint to

_____

[11] Order, May 29, 2015, Ct. No. 15-00083, ECF No. 38 (granting in
part SunPower's motion for preliminary injunction); Order, May
29, 2015, Ct. No. 15-00088, ECF No. 40 (same).

[12] Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34;
[SunPower's] Mot. to Enlarge Scope of Prelim. Inj. to Include
Entries Made by [Systems] [in Connection with Ct. No. 15-00083],
Consol. Ct. No. 15-00067, ECF No. 35; [SunPower's] Mot. to
Enlarge Prelim. Inj. to Include Entries Made by [Systems] [in
Connection with Ct. No. 15-00088], Consol. Ct. No. 15-00067, ECF
No. 36. SunPower also moves to "remove Count VI" from the
complaint, which is challenged but effectively uncontested.
Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34, at 1;
see also Def.'s Mot. to Dismiss Count VI, Consol. Ct. No. 15-
00067, ECF No. 37; Def.-Intervenor's Mot. to Dismiss Count VI of
Pl.'s Compl., Consol. Ct. No. 39.  This is discussed further
below, see infra Discussion Section II. SunPower also moves to
amend its complaint in 15-67 to correct an error. Pl.'s Mot. to
Amend, Consol. Ct. No. 15-00067, ECF No. 34, at 1 (moving to
"correct a prior inadvertent reference to the scope of the
investigations as stated in the petition"). This is uncontested,
see Def.'s Partial Opp'n to [Pl.'s Mot. to Amend], Consol. Ct.
No. 15-00067, ECF Nos. 41 (conf.) & 43 (pub.); Def.-Intervenor's
Resp. to Pl.'s Mot. for Leave to File Am. Compl., Consol. Ct.
No. 15-00067, ECF No. 46, and therefore granted.

[13] Def.'s Partial Opp'n to [Pl.'s Mot. to Amend], Consol. Ct. No.
15-00067, ECF Nos. 41 (conf.) & 43 (pub.), at 2; Def.'s Resp. in
Opp'n to Pl.'s Mots. to Enlarge Prelim. Injs., Consol. Ct. No.
15-00067, ECF Nos. 44 (conf.) & 45 (pub.).

[14] Summons, Ct. No. 15-00090, ECF No. 8; Compl., Ct. No. 15-
00090, ECF No. 9.

cover Systems,[15] and for a preliminary injunction to prevent

liquidation of their entries and those of Systems.[16]   The

---

[15] Pl.'s Mot. to Amend, Ct. No. 15-00090, ECF No. 30.  This motion also seeks to correct errors in the complaint. Id. at 1-2 (moving to "correct prior inadvertent references to the companion antidumping duty investigation and order" and "inadvertent reference . . . to the scope of the investigation stated in the petition").  These corrections are uncontested, see Def.'s Resp. in Opp'n to [Pl.'s Mot. to Amend], Ct. No. 15-00090, ECF No. 37; Def.-Intervenor's Resp. to Pl.'s Mot. for Leave to File Am. Compl., Ct. No. 15-00090, ECF No. 39, and therefore granted.

[16] In 15-90, Plaintiff moved for a preliminary injunction, [SunPower's] Mot. for Prelim. Inj., Ct. No. 15-00090, ECF No. 17, which Defendant and Defendant-Intervenors opposed, Def.'s Resp. to Pl.'s Mot. for Prelim. Inj., Ct. No. 15-00090, ECF No. 20; Def.-Intervenor's Opp'n to Pl.'s Mot. for Prelim. Inj., Ct. No. 15-00090, ECF No. 19.  On consent motion, time was extended for a series of teleconferences. Teleconference, June 17, 2015, ECF No. 22; Consent Mot. for Extension of Time, June 30, 2015, ECF No. 25 (requesting rescheduling of teleconference from July 1, 2015 to July 8, 2015); Order, July 1, 2015, ECF No. 26 (granting); Teleconference, July 1, 2015, ECF No. 27; Teleconference, July 8, 2015, ECF No. 29.  Therefore, this motion for a preliminary injunction was still pending when Plaintiff first sought to add Systems as a party to 15-90 and extend the scope of its preliminary injunctions to cover Systems' entries.  In consequence, Plaintiff has filed a motion for leave to file an amended motion for preliminary injunction. Pl.'s Mot. for Leave to File Am. Prelim. Inj. Mot. to Include Entries Made by [Systems], Ct. No. 15-00090, ECF No. 31. Defendant and Defendant-Intervenor each filed papers characterized as oppositions to the request for leave to file an amended motion for preliminary injunction, but Defendant argues the merits of Plaintiff's proposed amended filing without contending that the amendment itself should be disallowed, Def.'s Resp. in Opp'n to Pl.'s Mot. to Amend Prelim. Inj., Ct. No. 15-00090, ECF No. 38, and Defendant-Intervenor's filing adopts Defendant's arguments by reference without adding any further argument, Def.'s-Int.'s Resp. to Pl.'s Mot. for Leave to File Am. Prelim. Inj., Ct. No. 15-00090, ECF No. 40. Accordingly, the court shall grant as unopposed Plaintiff's motion for leave to file an amended motion, and (will below

(footnote continued)

Government and SolarWorld move to dismiss 15-90,[17] and

accordingly argue that the Court lacks jurisdiction to grant

SunPower's motions to amend its complaint and preliminarily

enjoin.[18]

**DISCUSSION**

I.   Motions to Dismiss in Ct. No 15-90

        The arguments to dismiss in 15-90 boil down to a

contention that SunPower itself lacks standing to bring this

case.

        SunPower's claim of standing is based on 28 U.S.C. §

2631(j)(1)(B), which provides that "in a civil action under [19

U.S.C. § 1516a] only an *interested party* who was a *party to the

proceeding* in connection with which the matter arose may

intervene . . . ." (emphasis added).

    A. *SunPower was an Interested Party*

        19 U.S.C. § 1677(9) defines an "interested party" as,

---

resolve Plaintiff's amended motion and all oppositions to it,
see *infra* Discussion Section V.

[17] Def.'s Mot. to Dissmis Pl.'s Compl., Ct. No. 15-00090, ECF No.
32 (conf.) & 33 (pub.); Def.-Intervenor's Mot. to Dismiss, Ct.
No. 15-00090, ECF No. 35.

[18] Def.'s Resp. in Opp'n to [Pl.'s Mot. to Amend], Ct. No. 15-
00090, ECF No. 37; Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave
to Amend its Prelim. Inj. Mot., Ct. No. 15-00090, ECF No. 38;
Def.-Intervenor's Resp. to Pl.'s Mot. for Leave to File Am.
Compl., Ct. No. 15-00090, ECF No. 39; Def.-Intervenor's Resp. to
Pl.'s Mot. for Leave to File Am. [Prelim. Inj. Mot.], Ct. No.
15-00090, ECF No. 40.

*inter alia*, "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise . . . ."[19]  In the CVD investigation, SunPower asserted status as an importer, based on the entries made by Systems; in the alternative, SunPower claimed that it was a producer by virtue of its toll-produced products.[20]  The agency made no determination to the contrary.[21]  Similarly, the Defendant's motion to dismiss does not claim that SunPower was not an interested party.[22]  SunPower was therefore an interested party.

---

[19] 19 U.S.C. § 1677(9)(A).

[20] Suppl. to SunPower CVD Entry of Appearance, Ct. No. 15-00090, ECF No. 30 at Ex. 2 (claiming standing under both 19 U.S.C. § 1677(9)(A) and (9)(C)).

[21] See CVD Final Determination, 79 Fed. Reg. 76,962, and accompanying Issues & Decission Mem., C-570-011, Investigation (Dec. 15, 2014).

[22] Def.'s Mot. to Dismiss Pl.'s Compl., Ct. No. 15-00090, ECF Nos. 32 (conf.) & 33 (pub.), at 8-9 (contending only that "because SunPower was not a party to the proceeding, it does not have standing to bring this action . . ."").  Although the Defendant, in a teleconference held on September 15, 2015, questioned whether SunPower can claim status as an importer based solely on its ownership of a subsidiary importing subject goods, see Teleconference, Sept. 15, 2015, Ct. No. 15-00090, ECF No. 43, this claim was not presented in its moving papers, see Def.'s Mot. to Dismiss Pl.'s Compl., Ct. No. 15-00090, ECF Nos. 32 & 33, and the agency made no such determination, see CVD Final Determination, 79 Fed. Reg. 76,962, and accompanying Issues & Decission Mem., C-570-011, Investigation (Dec. 15, 2014).  Arguments omitted from a party's briefing are waived. See United States v. Great American Ins. Co. of NY, 738 F.3d 1320, 1328 (Fed. Cir. 2013) ("It is well established that arguments that are not appropriately developed in a party's briefing may be deemed waived." (citations omitted)).

   *B. SunPower was a Party to the Proceeding.*

         While there is no statutory definition of "party to

the proceeding," Commerce has defined the term as "any

interested party that actively participates, through written

submissions of factual information or written argument, in a

segment of a proceeding."[23]  This Court has previously adopted

that definition, holding that a party is a "'party to the

proceeding' only when that party provides factual information *or*

promotes a legal position before Commerce."[24]

         There is no requirement that a party provide *both*

factual information *and* legal argument.  Providing factual data

on exports in response to a questionnaire from Commerce is

sufficient to make a party a "party to the proceeding." [25]   The

_____

[23] 19 C.F.R. § 351.102(b)(36).

[24] Legacy Classic Furniture, Inc. v. United States, ___ CIT ___,
774 F. Supp. 2d 1293, 1295 (2011) (emphasis added).

[25] Defendant's position here is that the lack of an argument
accompanying the data dooms SunPower's attempt at participation.
Def's Mot. to Dismiss, Ct. No. 15-00090, ECF No. 32 p. 4-9.
Legacy holds that a party is a party to the proceeding "only
when that party provides factual information or promotes a legal
position before Commerce." Legacy Classic Furniture, ___ CIT at
___, 774 F. Supp. 2d at 1294. In effect, Defendant argues that
the 'or' in Legacy should be read as 'and.'

To support this proposition, Defendant cites Specialty
Merchandise Corp, in which a plaintiff was found to have been a
party to the proceeding because it had submitted both facts and
argument. Specialty Merchandise Corp. v. United States, 31 CIT
364, 365-66, 477 F.Supp.2d 1359, 1361 (2007); see Def's Mot. to
Dismiss, Ct. No. 15-00090, ECF No. 32 p. 7-8. There, this Court
                                          (footnote continued)

addition of relevant information to an otherwise procedural

filing changes the character of that filing to meaningful

participation in the administrative proceeding.

      Here, SunPower submitted factual data on exports and

sales of goods imported by Systems in response to Commerce's

request.[26]  This makes SunPower a "party to the proceeding."

      Accordingly, SunPower is an interested party who was a

party to the proceeding, and on that basis, jurisdiction over

SunPower's claim is proper.  Defendant and Defendant-

Intervenors' motions to dismiss 15-90 are therefore denied.

---

affirmed Commerce's determination that Specialty Merchandise was
a party to the proceeding because it made written submissions
containing argument.  Defendant now appears to argue that by
agreeing that evidence backed by argument was one valid form of
participation, this Court somehow conjured up a requirement that
*only* evidence linked to argument counts as participation. Def's
Mot. to Dismiss, Ct. No. 15-00090, ECF No. 32 p. 7.  This is not
the case.  The fact-to-argument link is sufficient to establish
participation, but it is not necessary. See Union Steel v.
United States, 33 CIT 614, 618-19, 617 F. Supp. 2d 1373, 1378-79
(2009).

[26] Suppl. to SunPower CVD Entry of Appearance, Ct. No. 15-00090,
ECF No. 30 at Ex. 2, at 2-3 (noting that Commerce "requested
that [SunPower] provide customs entry documentation to
substantiate [the] assertion that it is an importer of subject
merchandise," and provide factual information that its "wholly
owned subsidiary, [Systems]," did); see Ex. 1 to Suppl. to
Sunpower Corp.'s Entry of Appearance, Certain Crystalline
Silicon Photovoltaic Products from China, C-570-011,
Investigation (Mar. 31, 2014), reproduced in Def.'s [Conf.] Mem.
in Supp. of Mot. to Dismiss for Lack of Jurisdiction, Ct. No.
15-00090, ECF No. 32 at Attach. A, (providing entry summary
(Customs and Boarder Protection ("CBP") Form 7501) and the
associated commercial invoice used by Systems to make entry).

## II.   Motions to Dismiss Count VI in 15-67

Plaintiff moves to withdraw Count VI of its complaint in 15-67.[27]  Defendant and Defendant-Intervenor move to dismiss Count VI as well.[28]  Since there is no disagreement between the parties on this point, SunPower's motion to withdraw Count VI is granted and Defendant and Defendant-Intervenor's motions to dismiss Count VI are denied as moot.

## III.   Motions to Amend in Both 15-67 and 15-90

SunPower has moved to amend its complaints in both 15-67 and 15-90 pursuant to USCIT Rules 7(b)(1), 15(a)(2), 15(c)(1), 20, and 21.[29]  The chief purpose of these amendments is to add Systems as a party.[30]  Defendant and Defendant-Intervenor oppose the addition of Systems, arguing that Systems was not a party to the underlying administrative proceedings, and further, that Systems should be time-barred because it seeks joinder more

---

[27] Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No 34, at 1-2 (seeking to amend its complaint to "remove Count VI," as it had not intended "to challenge any aspect of the [International Trade] Commissions determinations").

[28] Def.'s Mot. to Dismiss Count VI, Consol. Ct. No. 15-00067, ECF No. 37; Def.-Intervenor's Mot. to Dismiss Count VI of Pl.'s Compl., Consol. Ct. No. 39.

[29] Pl's Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34; Pl's Mot. to Am., Ct. No. 15-00090, ECF No. 30.

[30] See Pl's Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34, at 3-9; Pl's Mot. to Am., Ct. No. 15-00090, ECF No. 30, at 4-11.

than thirty days after Commerce's final determinations.[31]

        USCIT Rule 21 empowers this Court, "[o]n motion or on

its own . . . [to] at any time, on just terms, add or drop a

party."  This equitable power is broad: "Rules 20 and 21,

involving, *inter alia*, the addition of parties, are to be

construed liberally in order to promote complete resolution of

disputes, thereby preventing multiple lawsuits."[32]

        Despite Defendant and Defendant-Intervenor's claims,

Systems standing is not time-barred, since, as explained below,

the filing date of the amended complaint relates back to the

filing date of the original complaint.  In addition, Systems has

---

[31] Def.'s Partial Opp'n to [Pl.'s Mot. to Amend], Consol. Ct. No.
15-00067, ECF Nos. 41 (conf.) & 43 (pub.), at 5-13; Def.'s Resp.
in Opp'n to [Pl.'s Mot. to Amend], Ct. No. 15-00090, ECF No. 37,
at 4-10; see also Def.-Intervenor's Resp. to Pl.'s Mot. for
Leave to File Am. Compl., Consol. Ct. No. 15-00067, ECF No. 46
(concurring with and adopting Defendant's arguments); Def.-
Intervenor's Resp. to Pl.'s Mot. for Leave to File Am. Compl.,
Ct. No. 15-00090, ECF No. 39 (same).

[32] United States v. Gold Mountain Coffee, Ltd., 9 CIT 16, 18
(1985) (not reported in Federal Supplement) (citations omitted);
see also AD HOC Utilities Grp. v. United States, 33 CIT 1284,
1296 n.20, 650 F. Supp. 2d 1318, 1330 n.20 (2009) ("[I]n
applying [USCIT] Rule 21, the court is governed by the liberal
amendment standards of Rule 15(a)." (quoting Insituform Techs.,
Inc. v. CAT Contracting, Inc., 385 F.3d 1360, 1372 (Fed. Cir.
2004)); cf. USCIT Rule 15(a)(2) ("The court should freely give
leave [to amend] when justice so requires."); United Mine
Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the
[Federal Rules of Civil Procedure], the impulse is toward
entertaining the broadest possible scope of action consistent
with fairness to the parties; joinder of claims, parties and
remedies is strongly encouraged.").

standing in its own right because:  Systems has shown that it is

an interested party, having imported subject goods during the

period of investigation that Commerce knew or should have known

about by virtue of Systems' filings on the administrative

record.  Systems has shown it was a party to the underlying

proceedings because it provided Commerce with factual data

regarding those entries in response to questionnaires from the

agency.

   A. *Systems' Addition is Not Time-Barred, Because the Amended*
      *Complaint Relates Back to the Date of the Original*
      *Filing.*

         Systems is not barred by the requirement in

19 U.S.C. § 1516a that a case be filed within thirty days of

Commerce's final determination. Here, the bar is avoided, since

"[a]n amendment to a pleading relates back to the date of the

original pleading when . . . the amendment asserts a claim or

defense that arose out of the conduct, transaction, or

occurrence set out - or attempted to be set out - in the

original pleading."[33]  Because the original complaints described

---

[33] USCIT Rule 15(c)(1)(B).  "[W]here it is appropriate to relate
back an amendment to a pleading under Rule 15, jurisdiction is
assessed as if the amendment had taken place at the time the
complaint was first filed." E.R. Squibb & Sons, Inc. v. Lloyd's
& Companies, 241 F.3d 154, 163 (2d Cir. 2001).  Leave to amend
should be given freely absent "apparent or declared reason . . .
such as undue delay, bad faith or dilatory motive on the part of
the movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party by
                                        (footnote continued)

SunPower's tolling arrangements with its various wholly-owned

subsidiaries,[34] and since SunPower's factual submission in the

underlying administrative proceedings were submitted jointly

with Systems and discussed entries made by Systems that SunPower

now seeks to cover with its amended complaints and expanded

preliminary injunctions,[35] as discussed below, it follows from

---

virtue of allowance of the amendment, futility of amendment."
Foman v. Davis, 371 U.S. 178, 182 (1962); see also Rural Fire
Protection Co. v. Hepp, 366 F.2d 359, 362 (9th Cir. 1966) ("The
purpose of Rule 15(c) is to defeat the bar of statutes of
limitations, and is liberally applied especially if no
disadvantage will accrue to the opposing party.").  Defendant
has not shown bad faith, prejudice, futility, or any other
meaningful potential disadvantage.  Commerce's parade of
horribles here is unpersuasive: SunPower is not attempting to
parachute previously unsuspected time-barred corporations into
this litigation years after the fact.  The rules would prohibit
this, and will continue to do so in the future.  Rather, they
are attempting, several months after filing their complaint and
promptly after discovering a defect in their pleading, to
correct that defect in order to preserve the ability to
challenge liquidation of the same entries they had apparently
intended to protect in the first place. See Compl., Consol. Ct.
No. 15-00067, at 2-4 (original complaint describing SunPower's
tolling arrangement with subsidiaries); Compl., Ct. No. 15-
00090, ECF No. 9, at 3-4 (same); [SunPower's] Mot. for Prelim.
Inj., Ct. No. 15-00083, ECF No. 24, at 1-2 (seeking to enjoin
liquidation of subject merchandise "imported by SunPower or any
wholly owned subsidiary of SunPower (collectively,
'SunPower')"); [SunPower's] Mot. for Prelim. Inj., Ct. No. 15-
00088, ECF No. 30, at 1-2 (same); [SunPower's] Mot. for Prelim.
Inj., Ct. No. 15-00090, ECF No. 17, at 1-2 (same).

[34] Compl., Consol. Ct. No. 15-00067, ECF No. 16 at ¶¶ 5-7;
Compl., Ct. No. 15-00090, ECF No. 9 at ¶¶ 5-7.

[35] SunPower AD Entry of Appearance, Ct. No. 15-00067, ECF No. 34
at Ex. 1; SunPower Q&V Questionnaire, Consol. Ct. No. 15-00067,
ECF No. 34 at Ex. 2; SunPower CVD Entry of Appearance, Ct. No.
                                        (footnote continued)

these filings that Commerce had fair notice of Systems' status
and that Systems' status may therefore relate back to the date
of the original filing of the complaints.[36]   The thirty-day time
bar is therefore satisfied.

> B. *Systems Has Standing Because it was an Interested
>    Party and a Party to the Proceedings in its Own Right.*

SunPower may amend its complaints to add Systems as a
party if Systems is an interested party who was a party to the
underlying proceedings.[37] If not, Systems lacks standing.[38]

Systems is an interested party if it acted as the
importer of record for subject merchandise during the period of
investigation.[39]   In 15-67, SunPower, with Systems, provided
Commerce, in the underlying proceedings, with entry summary
documents for three entries of subject merchandise with Systems

---

15-00090, ECF No. 30 at Ex. 1, at 1; Suppl. to SunPower CVD
Entry of Appearance, Ct. No. 15-00090, ECF No. 30 at Ex. 2.

[36] See Foman, 371 U.S. at 182.

[37] SunPower does not need to prove anything about its
relationship with Systems. As explained below, Systems'
submission of factual information is independently sufficient to
establish its participation in the proceedings, see *infra*
Discussion Section III, such that it is not necessary to address
the nature of SunPower's corporate structure, or any related
legal questions.

[38] See 19 U.S.C. § 1516a(a)(2)(A); see also 28 U.S.C. §
2631(j)(1)(B) ("[O]nly an interested party who was a party to
the proceeding in connection with which the matter arose may
intervene, and such person may intervene as a matter of right.")

[39] 19 U.S.C. § 1677(9)(A) (defining "interested party" as a *inter
alia*, "the United States importer[] of subject merchandise").

as the importer of record.[40]  In 15-90, SunPower relies similarly

on entry documents  that describe subject merchandise entered

during the period of review with Systems as the importer of

record.[41]  As Defendant points out, in 15-67 the summary forms

erroneously list the importer of record as "SunPower Corporation

USA" and not "SunPower Corporation, Systems"; "SunPower

Corporation, Systems" is identified only as the consignee.[42]

However, Commerce knew or had reason to know that these entries

---

[40] Aff. By Michael Holland, Sr. Counsel for [SunPower], in Supp.
of [Systems'] Status as Importer of R. During Period of
Investigation, reproduced in Affs. in Supp. of [Systems'] Status
as Importer of R. during Period of Investigation, Consol. Ct.
No. 15-00067, ECF Nos. 67 (conf.) & 68 (pub.) at App. 1
("Holland Aff."), at Ex. 3.1 (providing the CBP Form 7501 and
commercial invoice for Entry Number 201-9399143-6, dated June
18, 2013); id. at Ex. 3.2 (providing the CBP Form 7501 and
commercial invoice for Entry Number 201-9399165-9, dated July
19, 2013); id. at Ex. 3.3 (providing the CBP Form 7501 and
commercial invoice for Entry Number 201-9399161-8, dated July
17, 2013); see Def.'s Partial Opp'n to [Pl.'s Mot. to Amend],
Consol. Ct. No. 15-00067, ECF Nos. 41 (conf.) & 43, at 15
(describing these CBP Forms 7501 as "provided to Commerce in
SunPower's separate rate application").

[41] See Suppl. to SunPower CVD Entry of Appearance, Ct. No. 15-
00090, ECF No. 30 at Ex. 2 (noting that Exhibit 1 to the
supplement is a CBP Form 7501, and its commercial invoice, for
Entry Number 322-0768689-4, dated Sept. 9, 2012, for which
Systems is the importer of record); see also Ex. 1 to Suppl. to
Sunpower Corp.'s Entry of Appearance, Certain Crystalline
Silicon Photovoltaic Products from China, C-570-011,
Investigation (Mar. 31, 2014), reproduced in Def.'s [Conf.] Mem.
in Supp. of Mot. to Dismiss for Lack of Jurisdiction, Ct. No.
15-00090, ECF No. 32 at Attach. B, (providing CBP Form 7501 and
the associated commercial invoice for Entry Number 322-0768689-
4, dated Sept. 9, 2012, with Systems as the importer of record).

[42] Def.'s Partial Opp'n to Mot. for Leave to File an Am. Compl.,
Consol. Ct. No. 15-00067, ECF No. 41, at 15.

were in fact made by Systems because the address and importer

number listed on the forms were those of Systems, and "SunPower

Corporation USA," which does not actually exist.[43]  Therefore,

because Systems served as importer of record of subject

merchandise during the periods of investigation for both the AD

and CVD administrative proceedings, and Commerce knew or had

reason to know of this, Systems is an interested party for the

purposes of both 15-67 and 15-90.

     Systems next must show that it was a party to the

underlying administrative proceedings.[44]  As explained above, the

statute provides no definition of the term "party to the

proceeding," but Commerce has defined the term as "any

interested party that actively participates, through written

submissions of factual information or written argument, in a

segment of a proceeding."[45]  Purely procedural filings, such as

an "[administrative protective order] application and notice of

appearance," unaccompanied by other participation before the

---

[43] See Holland Aff., ECF Nos. 67 (conf.) & 68 (pub.) at App. 1,
at ¶ 6 (noting that Systems' importer number is provide in the
CBP Forms 7501 for the importer of record); id. at ¶9 (noting
that forms make clear that the consignee and the importer of
record are the same entity because they have the same federal
Tax Identification Number), ¶10 (providing that "SunPower
Corporation USA" does not exist and the forms give the correct,
unique, physical address of Systems).

[44] 28 U.S.C. § 2631(j)(1)(B).

[45] 19 C.F.R. § 351.102(b)(36).

administrative agency, are insufficient to create a party to the

proceeding.[46]  On the other hand, an interested party who

responds to a questionnaire from the Department seeking

information to use in selecting respondents is a party to the

proceedings.[47]

The documents on which SunPower and Systems rely in

each case contained factual data on imports to the United States

and were submitted to Commerce as a part of the administrative

review process.[48]  Filings that contain factual data on imports

of subject merchandise are enough to establish participation.[49]

Further, in 15-67, System's status as a party to the proceeding

is strengthened by the fact that it, in conjunction with

SunPower, "responded to a questionnaire from the Department

seeking information to use in selecting respondents"[50] – a

---

[46] Legacy Classic Furniture, ___ CIT at ___, 774 F. Supp. 2d at
1294.

[47] Union Steel, 33 CIT at 618-19, 617 F.Supp.2d at 1378-79
(2009).

[48] SunPower AD Entry of Appearance, Ct. No. 15-00067, ECF No. 34
at Ex. 1, at 1; SunPower Q&V Questionnaire, Consol. Ct. No. 15-
00067, ECF No. 34 at Ex. 2, at 1; SunPower CVD Entry of
Appearance, Ct. No. 15-00090, ECF No. 30 at Ex. 1, at 1; Suppl.
to SunPower CVD Entry of Appearance, Ct. No. 15-00090, ECF No.
30 at Ex. 2.

[49] Union Steel v. United States, 33 CIT 614, 618-19, 617 F. Supp.
2d 1373, 1378-79 (2009).

[50] See Legacy Classic Furniture, ___ CIT at ___, 774 F. Supp. 2d at
1294 (2011) (citing Union Steel, 33 CIT at 618, 617 F. Supp. 2d
at 1378); SunPower Q&V Questionnaire, Consol. Ct. No. 15-00067,
                                              (footnote continued)

response that Commerce noted in its preliminary determination[51]

and its final determination.[52]   Commerece, having "acknowledged

implicitly [System's] participation in the proceeding by

responding to [its] submission containing factual information,"

cannot now say that Systems is not a party to the proceeding.[53]

Like its parent, Systems provided factual information

to Commerce in the underlying proceedings to both 15-67 and 15-

---

ECF No. 34 at Ex. 2 at 1 (noting that the questionnaire was
submitted on behalf of SunPower and "its wholly owned U.S.
subsidiaries," including Systems, "collectively, 'SunPower
U.S.'"); id. at 2 ("modules incorporating crystalline silicon
photovoltaic ('CSPV') cells that were exported to SunPower
U.S."); Holland Aff., Consol. Ct. No. 15-00067, ECF Nos. 67
(conf.) & 68 (pub.) at App. 1, at Exs. 3.1, 3.2, & 3.3
(providing the CBP Forms 7501 and commercial invoice for three
entries during the period of investigation with Systems as the
importer of record, see supra notes 39 & 43 with associated
text, which are described by Defendant as "entry summary forms
submitted to CBP, and later provided to Commerce in SunPower's
separate rate application," see Def.'s Partial Opp'n to [Pl.'s
Mot. to Amend], Consol. Ct. No. 15-00067, ECF Nos. 41 (conf.) &
43, at 15).

[51] Certain Crystalline Silicon Photovoltaic Proucts from the
People's Republic of China, Preliminary Issues & Decision Mem.,
A-570-010, Investigation (July 24, 2014) (adopted in 79 Fed.
Reg. 44,399 (Dep't Commerce July 31, 2014) (affirmative
preliminary determination of sales at less than fair value and
postponement of final determination)) at 6 n.20 (listing
"SunPower Corporation," and thereby Systems, see supra note 50,
as among the companies that "filed timely Q&V questionnaire
responses").

[52] See AD Final Determination, 79 Fed. Reg. at 76,973 ((listing
SunPower, and thereby Systems, see supra note 50, as among the
companys that participated but were not eligible for separate
rate status).

[53] See Union Steel, 33 CIT at 619, 617 F. Supp. 2d at 1378-79.

90, and is therefore entitled to participate in both cases as a

party to the underlying proceedings in its own right.

Plaintiff's motions to amend its complaints to add Systems as a

co-plaintiff are accordingly granted.

IV.    Systems is Entitled to the Protection of the Previously-
       Granted Preliminary Injunction in 15-67.

            It is uncontested that, if Systems can be added to

this litigation in its own right, and the litigation survives

the motions to dismiss, it also has the right to expand the

existing preliminary injunction in 15-67 to protect its entries

from liquidation.[54]  Parties spend much ink arguing about whether

or not SunPower possesses independent authority to expand the

scope of its previously-granted preliminary injunction to cover

Systems' entries.  However, this issue does not need to be

addressed.  Systems having standing, and having therefore

properly been joined to this litigation for the reasons

described above, Systems is therefore granted an expansion to

the preliminary injunction to cover all entries of subject

merchandise made during the period covered by the previously-

---

[54] Systems is entitled to a preliminary injunction in this case
for the same reason that SunPower is, which is laid out in
[SunPower's] Mot. for Prelim. Inj., Ct. No. 15-00083, ECF No. 24
(granted in part by Order, May 29, 2015, Ct. No. 15-00083, ECF
No. 38); see also [SunPower's] Mot. for Prelim. Inj., Ct. No.
15-00088, ECF No. 30 (granted in part by Order, May 29, 2015,
Ct. No. 15-00088, ECF No. 40).

granted preliminary injunctions. leave for Systems to expand the
preliminary injunction to protect its entries during the time
period covered by the previously-granted preliminary injunction
is therefore granted.

## V.   SunPower and Systems are Entitled to a Preliminary Injunction in 15-90.

In opposing SunPower's motion for a preliminary
injunction in 15-90, Defendant claims solely that "the Court
should deny SunPower's [and Systems'] motion because SunPower
lacks standing to bring this action and, thus, is not entitled
to injunctive relief."[55]  However, as explained in Sections I
through III, *supra*, SunPower and Systems do both have standing.

For the same reasons supporting the grant of
preliminary injunctions against liquidation of SunPower and
System's subject entries in the cases consolidated into 15-67,
SunPower and Systems are entitled to an injunction in 15-90.
Their motion, as amended, is granted.

### CONCLUSION

SunPower has established that, by submitting factual
data to Commerce, it participated in the underlying
administrative proceedings; accordingly, this court has

---

[55] Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to Amend its
Prelim. Inj. Mot., Ct. No. 15-00090, ECF No. 38, at 1.

Consol. Ct. No. 15-00067                                              Page 23
and Ct. No. 15-00090

jurisdiction and the motions to dismiss 15-90 must be denied.[56]

SunPower's motion to dismiss Count VI of 15-67 is granted as

unopposed, and in consequence Defendant and Defendant-

Intervenor's motions to dismiss Count VI are denied as moot.[57]

SunPower has also established that its wholly-owned subsidiary,

Systems, joined it on its factual submissions, thereby giving

Commerce notice of Systems' separate status and as an interested

party who was a party to the proceedings.  SunPower may

therefore amend its complaints in both actions to include

Systems as a party because it has shown that Systems was an

interested party and a party to the underlying administrative

proceedings.  Systems has accordingly established standing

before this court in both cases,[58] entitlement to protection

under the previously-granted preliminary injunction in 15-67,[59]

---

[56] Def.'s Mot. to Dismiss Pl.'s Compl., Ct. No. 15-00090, ECF Nos. 32 (conf.) & 33 (pub.) (denied); Def.-Intrvenor's Mot. to Dismiss, Ct. No. 15-00090, ECF No. 35. (denied).

[57] Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34 (motion to dismiss Count VI granted); Def.'s Mot. to Dismiss Count VI, Consol. Ct. No. 15-00067, ECF No. 37 (denied as moot); Def.-Intervenor's Mot. to Dismiss Count VI, Consol. Ct. No. 15-00067, ECF No. 39 (denied as moot).

[58] Pl.'s Mot. to Amend, Consol. Ct. No. 15-00067, ECF No. 34 (granted); Pl.'s Mot. to Amend, Ct. No. 15-00090, ECF No. 30 (granted).

[59] [SunPower's] Mot. to Enlarge Scope of Prelim. Inj. to Include Entries Made by [Systems] [in Connection with Ct. No. 15-00083], Consol. Ct. No. 15-00067, ECF No. 35 (granted); [SunPower's] Mot. to Enlarge Prelim. Inj. to Include Entries Made by
(footnote continued)

and to protection under the newly granted preliminary injunction

in 15-90.[60]  The amended complaints relate back to the filing

date of the original complaints, and therefore the thirty-day

time bar is not implicated.

     For the above-stated reasons, Defendant and

SolarWorld's motions to dismiss are denied, Plaintiff's motions

to amend are granted, Plaintiff's motion to expand the

preliminary injunctions in 15-67 to cover co-plaintiff Systems

is granted, and the motion for a preliminary injunction in 15-90

as to both SunPower and Systems is granted.

     IT IS SO ORDERED.

/s/Donald C. Pogue
Donald C. Pogue, Senior Judge

Dated: December 30, 2015
    New York, NY

---

[Systems] [in Connection with Ct. No. 15-00088], Consol. Ct. No.
15-00067, ECF No. 36  (granted).

[60] SunPower's Mot. to Amend Mot. for Prelim. Inj., Ct. No. 15-
00090, ECF No. 31 (granted); [SunPower's] Mot. for Prelim. Inj.,
Ct. No. 15-00090, ECF No. 17 (granted as amended).